# SOUTHERN ADVERTISING CO., INC. v. PHILLIP J. SHERMAN.—308 S. W. (2d) 491.

Eastern Section. March 26, 1957.

Petition for Certiorari Granted by Supreme Court on June 7, 1957.

Affirmed December 6, 1957. *

---

* Affirmed with suggestion that Court of Appeals opinion be published.

324

Cameron & Turner, Chattanooga, for appellant.

Folts, Bishop & Thomas, Chattanooga, for appellee.

McAMIS, P. J. The bill in this case was filed by the Southern Advertising Company, Incorporated, to enjoin obstruction of the view of one of its large outdoor signs which it had previously leased at $125 per month to the Ne-Hi Bottling Company. The defendant Phillip J.

Sherman owns and operates a motel adjacent to complainant's sign and, to promote tourist business, erected and was maintaining at the time the bill was filed a much smaller sign partially blocking the view of complainant's sign from the highway. The Chancellor sustained the bill and required defendant to remove the motel sign. Defendant appeals.

The parties have previously been before the Supreme Court in a suit filed by the defendant Sherman against complainant herein for a declaratory judgment cancelling the lease under which it constructed the sign here in question. The Chancellor dismissed the suit and the decree was affirmed. Sherman v. Southern Advertising Co., 200 Tenn. 262, 292 S. W. (2d) 36. The questions involved in this suit are unrelated to the questions involved in that case and are unique. The principal question here is the right of a covenantee in a lease to enforce a restriction on adjoining property subsequently acquired by the grantee of the lessor's reversionary estate.

Defendant acquired the "Eldorado Club" on Dayton Boulevard in Hamilton County on August 31, 1953. He admits that he knew complainant had erected a sign on the property under a lease of space from defendant's predecessors in title, running for a period of 10 years from September 17, 1952. The lease provides:

"It is agreed by Parties of the First Part (lessors) that if at any time during this lease this property is sold, transferred, or released to any operator, tenant or handled in any other way than at the present time, it will be done with full consent of this lease, and our lease will become binding on all parties involved.

"It is also agreed by Parties of the First Part that they will not allow any thing to be placed or built in front of this sign board that will obstruct visibility of said sign board."

Defendant concedes that, under the terms of the lease, he is precluded from erecting obstructions on the property acquired from complainant's lessor. He insists, however, that whether called a covenant running with the land restricting the use of the property or a covenant of quiet enjoyment it is operative only in respect to the land owned by the lessor at the date of the lease and that he acted within his rights in acquiring, by lease, a site for his motel sign on the adjoining property. Complainant, on the other hand, insists defendant is personally bound by the terms of the lease from obstructing the sign notwithstanding the obstruction may be beyond the limits of its lessor's property.

■■■ Without stopping to define the nature of the lessor's agreement above quoted, we think it cannot extend to other property unconnected with the tract owned by the lessor and subsequently acquired by lessor's grantee. If the covenant or agreement is personal to the lessor it is not binding on his grantee. 26 C. J. S. Deeds sec. 167 (1), p. 1139. If it is a covenant running with the land, at least in the absence of an expressed contrary intention, its operation must be confined to the property as it existed at the time of the covenant. And the rule of strict construction applies when an attempt is made to apply the covenant to other lands.

■■■ "In order to create a restrictive covenant by the lessor as to property retained by him, the intention so to restrict must be clearly expressed and ordinarily

cannot be implied or inferred. * * * Such a restrictive covenant, even though it is a personal covenant, should not be given a construction which extends it beyond the literal meaning of the terms; if such terms are capable of two constructions, the one that limits the covenant should be adopted, and if the right to enforce the covenant as to other property is doubtful such right will be denied. * * *" 51 C. J. S. Landlord and Tenant, sec. 238, p. 865.

While we think from the nature of the agreement it was intended to restrict the use of property owned by the lessor but not covered by the lease, i. e., the property of lessor between the sign and the highway, there is nothing contained or implied in the lease binding property which the lessor did not then own and never acquired. Under the applicable rule above quoted we cannot imply such an intent. The application of the restriction to land subsequently acquired by the grantee of the lessor cannot rest upon any reasonably supposed intention of the parties especially since the agreement does not purport to make the covenant binding on the lessor's successors and assigns.

Even where the lessor himself subsequently acquired adjoining property, the view has been expressed that his acts on adjoining property are under an independent title and, therefore, do not constitute a breach of a covenant of quiet enjoyment and that the covenant must be considered as of the date of the lease. 32 Am. Jur. 260, Landlord and Tenant, Section 276. In footnote 20, the author cites Davis v. Town Properties Invest. Corp. [1903] 1 Ch. (Eng) 797, 6 BRO-CA. In that case, the lessor conveyed the reversion, subject to the lease, to the

defendants who thereafter purchased adjoining property and erected a high wall thereon causing the plaintiff's chimneys to smoke. The court held that defendants were not liable under the covenant of quiet enjoyment, inasmuch as at the date of the lease the lessor had no interest in the adjoining premises and could not for the benefit of the lessee "put any fetters on their enjoyment."

A similar conclusion was reached in Loose-Wiles Biscuit Co. v. Deering Village Corp., 1946, 142 Me. 121, 48 A. (2d) 715. In that case the lessor guaranteed the lessee the use of a spur track on adjoining property which he did not own. He later sold the leased premises to the same adjoining owner and attempted to remove the spur. The lessee sought an injunction and in denying the injunction the court said the covenant of quiet enjoyment should be interpreted with reference to such premises as they existed when the lease was executed, the mere fact that the title to both properties had become merged in a single owner not being such as would impress a servitude on the adjoining land upon which the spur was located.

█ As we have seen, even where the covenantor owns adjoining lands at the date of the demise the rule of strict construction applies as to such other lands and a covenant as to use will be restricted to the demised premises in the absence of an express or clearly implied intention to extend it to other lands of the covenantor. It seems to us where the adjoining property is not owned by either party to the covenant there would be more convincing reasons for applying this rule of construction. While there is a paucity of authority on the question,

we think the two cases above discussed refusing to apply the covenant to a grantee of the reversion as to adjoining premises subsequently acquired are sound. In such a case, the only connection of the grantee with the covenant relates to the property acquired from the covenantor and we think it should be so limited. We have found no cases holding to the contrary on the same or analogous circumstances. For a comprehensive review of the general subject with extensive citation of authorities see Epting v. Lexington Water Power Co., 177 S. C. 308, 181 S. E. 66, 102 A. L. R. 773.

 In the absence of statute or contract, the general rule is that a landowner may, by building on his own land, deprive the adjoining owner of the view which he had before the structure was erected without subjecting himself to legal liability. 2 C. J. S. Adjoining Landowners sec. 50, p. 44; 66 C. J. S. Nuisances sec. 25, p. 780; 43 C. J. S. Injunctions sec. 70, p. 539.

For the reasons indicated complainant's suit will be dismissed. It will pay costs of both courts.