HUTTON S. BRANDON et al., Complainants-Appellees,
v. DONALD STOVER and JAMES PICKLE,
Defendants-Appellants. —447 S.W.2d 374

Middle Section.   August 1, 1969.

Certiorari Denied by Supreme Court November 11, 1969.

418

Joseph L. Lackey, Jr., Nashville, for complainants-appellees.

Denney, Lackey, Chernau & Castleman, Nashville, for defendants-appellants.

PURYEAR, J. Defendants purchased Lot No. 34 in Section I of Harpeth Valley Park Subdivision, which is a restricted residential subdivision in Davidson County, Tennessee.

In December, 1967, defendants obtained a building permit to construct a duplex apartment house on said lot and contracted with another party to build same. After the house was completed, it was discovered that it had been built partially on an easement of the T.V.A. which extends across the entire depth of said Lot No. 34 from front to rear thereof.

The dimensions of said Lot No. 34 are as follows: It has a frontage of 187 feet on Harpeth Bend Drive, runs back 218.2 feet on one side and 265 feet on the other side.

The width of that portion of the T.V.A. easement which encroaches on this lot is 125 feet and when such 125 feet of width is subtracted from the 187 feet width of the lot, this leaves a width of 62 feet fronting on Harpeth Bend Drive, which is unencumbered by the T.V.A. easement.

After it was discovered that a portion of the house had been located on the easement, the defendants removed the brick from the house, disconnected the utilities, removed the house from its foundation and turned it sideways, with one side of it facing Harpeth Bend Drive and the front of such house facing toward the side of the lot on which the T.V.A. easement is located.

After the house had been moved to that portion of the lot not encumbered by the easement, but before it was placed on the new foundation, the above named complainants herein and several other parties who reside in said Harpeth Valley Park Subdivision joined as complainants herein and filed a bill against the defendants on July 19, 1968, to enjoin location of the house upon said Lot No. 34.

As grounds for the injunction prayed in their bill, complainants aver therein that if defendants are allowed to locate the house upon said lot, such location thereon will violate a certain restrictive covenant on all lots in Section I of Harpeth Valley Park Subdivision, which provides among other things, "there shall be a minimum lot width for each and every lot used as a building site of 75 feet at the building line."

Complainants further aver in said bill that if defendants are allowed to relocate said house on the lot with the side thereof facing toward the street, it will completely destroy the beauty and overall design of the subdivision and the basic intent of the restrictive covenants and do irreparable harm to the value of complainants' homes located in the subdivision.

Although it is alleged in the bill that complainants are all residents of Harpeth Valley Park Subdivision, it is not alleged in the bill that any of them own any property therein.

To this bill, the defendants filed an answer admitting that they purchased said Lot No. 34, Section I, in Harpeth Valley Park Subdivision; that same is subject to a T.V.A. easement and that after the house was completed, they discovered a portion of such house was located on the easement and it was necessary for them to relocate same upon the lot.

In such answer, defendants deny that the location of the house upon the lot in the manner alleged in the bill violates any of the restrictive covenants pertaining to said lot and specifically deny that such relocation thereof violates Section 23 of such restrictive covenants pertaining to minimum lot widths of 75 feet. They also deny that the relocation of said house will detract from the beauty of the subdivision.

The case was tried before the Chancellor, without intervention of a jury, as a result of which trial the Chancellor found that the relocation of said house upon the lot violated Section 23 of the restrictive covenants and entered the following decree:

"This cause came on to be heard before the Honorable Ned Lentz, Chancellor, Part I of the Chancery Court of Davidson County, Tennessee, on the original bill filed by the complainants, answer of the defendants, stipulation entered into between the parties, testimony heard in open Court and argument of counsel, from all of which the Court finds that the area of land in the T.V.A. easement can not be considered in determining the required footage at the building line in accordance with Section 23 of the Restrictive Covenant contained in Book 3857, page 864, Register's Office of Davidson County, Tennessee. The Court further finds that there is an ambiguity in construing Section 23 but to hold otherwise would do violence to the purpose and intent of the Restrictive Covenant. The Court finds that construction or relocation of a house on Lot 34, Section 1 of Harpeth Valley Park Subdivision in Nashville, Davidson County, Tennessee, would be a violation of Restrictive Covenant No. 23 contained in Book 3857, page 864, Register's Office of Davidson County, Tennessee.

It is, therefore, ORDERED ADJUDGED AND DECREED that the defendants be permanently enjoined from constructing or relocating a house on Lot 34 in the Harpeth Valley Park Subdivision, Section 1, Nashville, Davidson County, Tennessee.

The costs of the cause are assessed against the defendants." (Tec.Rec. p. 9)

The Chancellor's decree was entered on August 23, 1968, and the defendants filed a petition to rehear on September 10, 1968, which petition to rehear was denied and the defendants appealed.

■ The first matter which confronts us is a motion to dismiss the appeal upon the ground that no appeal was prayed or granted from the decree entered on August 23, 1968, but, upon consideration of this motion, we have concluded that it must be overruled.

The order in which the appeal was prayed and granted is the order entered on September 19, 1968, in which the petition to rehear was overruled.

That order contains the following provisions:

"It further appeared to the Court that the defendants did on September 19th, 1968 pray an appeal to the next term of the Court of Appeals at Nashville, * * *"

\* \* \* \* \* \*

"It is further ORDERED, ADJUDGED and DE-CREED by the Court that the appeal to the next term of the Court of Appeals at Nashville is granted to said defendants; the Court further grants said defendants an extension of thirty (30) days within which to execute and file an appeal bond or pauper's oath, as provided by statute; the Court further grants said defendants an extension of sixty (60) days within which to prepare and file their Bill of Exceptions, as provided by statute." (Tec.Rec. pp. 20, 21)

Therefore, it conclusively appears from the foregoing order that the appeal herein prayed, granted and perfected is a broad appeal.

Defendants have filed four assignments of error as follows:

I

"The Chancery Court erred in holding that the area of land within the T.V.A. easement cannot be consid-

ered in determining the required footage at the building line in accordance with Section 23 of the Restrictive Covenants, of record in book 3857, page 858, Register's Office for Davidson County, Tennessee.

## II

The Chancery Court erred in its holding that there is an ambiguity in construing Section 23, but to hold otherwise would do violence to the purpose and intent of the Restrictive Covenants.

## III

The Chancery Court erred in holding that the construction or relocation of a house on Lot 34, Section 1 of Harpeth Valley Park Subdivision in Nashville, Davidson County, Tennessee, would be a violation of Restrictive Covenant No. 23 contained in Book 3857, page 864, Register's Office for Davidson County, Tenneesse.

## IV

The Chancery Court erred in granting relief to the Complainants because they are guilty of laches.''

The principal and determinative question in this case is whether or not the area included in the T.V.A. easement across Lot No. 34 may be included in determining whether the lot meets the requirements of the following restrictive covenant which is applicable to this and all other lots in Section I of the subdivision:

''23. There shall be a minimum lot width for each and every lot used as a building site of 75 feet at the building line. The owner especially reserves the right, with the approval of the Metropolitan Planning Commission, to change the minimum lot width, provided

there is not more than a 5% change in the total area of the lot."

There is no dispute about the facts of the case and if the area of the lot which is included in said T.V.A. easement is excluded, the applicable minimum width requirement of 75 feet is not met, but if the area covered in said easement may be included, such minimum width requirement is met.

In considering questions such as the one which is determinative of this appeal we are mindful of the rule stated by our Supreme Court in Turnley v. Garfinkle, 211 Tenn. 125, 362 S.W.2d 921 as follows:

"Such restrictive covenants, of course, like other contracts, will be enforced according to the clearly expressed intention of the parties; but being in derogation of the right of unrestricted use of property, will be strictly construed, and will not be extended by implication to anything not clearly and expressly prohibited by their plain terms. Lowe v. Wilson, 194 Tenn. 267, 269-270, 250 S.W.2d 366; Emory v. Sweat, 9 Tenn. App. 167, 176; Southern Advertising Co. v. Sherman, 43 Tenn.App. 323, 326, 327, 308 S.W.2d 491." Turnley v. Garfinkle, supra, p. 923.

Although the instrument by which the restrictive covenant in question here was imposed upon the lot contains no statement of purpose for imposing such minimum width requirement, it is a matter of common knowledge that, generally speaking, the purpose of such minimum width and yard requirements is to control population density, prevent overcrowding of land and provide open space appurtenant to buildings so that the aesthetic ap-

pearance of the neighborhood may be conserved and protected.

It is not insisted by complainants that any portion of the house, as relocated, will be so near the lot boundaries as to violate other restrictive covenants providing for minimum setback distances. On the contrary, it is agreed by counsel in a written stipulation, made a part of the record, that relocation of the house as alleged in the bill is in conformity with paragraph two, Section 8 of the Restrictive Covenants, which provides as follows:

"No building shall be constructed or maintained on any lot nearer either lot side line than seven (7) feet, and the combined distances from the residence to the two side lot lines shall be no less than sixteen (16) feet. Steps and landing platforms, either covered or uncovered shall not be permitted to extend beyond the side setback line."

The record does not contain a copy of the instrument or judgment of condemnation by which the easement to T.V.A. was granted or condemned. Therefore, we have no means of determining what burden such easement imposes upon the lot in question except the following admissions in the answer of the defendants:

"Defendants further admit that there is a T.V.A. easement which extends across said lot."

\*   \*   \*   \*   \*   \*

"After completion of the house it was determined that the house had been built on the T.V.A. easement which extends through said Lot No. 34. It was then necessary that the defendants remove the brick from the structure, disconnect the utilities, and to materially alter

both the location and the style of the house as had originally been intended." (Tec.Rec. pp. 6,7)

In addition to the foregoing admission appearing in the answer, the width of the easement (250 feet, of which 125 feet encroaches upon Lot 34) appears upon the plat of Harpeth Valley Park Subdivision, a copy of which is filed as Exhibit D in the record.

So, from the evidence in the record, we must necessarily conclude that the only burden imposed upon the lot by the terms of such easement, in addition to its use for transmission of electric power, is that no building can be located upon the area included within such easement.

This means that so far as is disclosed by the record in this case, that portion of the lot included within such easement has all of the functional advantages and aesthetic characteristics of a lawn, yard or open space, and that it may be landscaped and beautified by planting flowers, grass and beautiful shrubs thereon.

Counsel have cited no Tennessee cases specifically dealing with the determinative question here involved, but counsel for complainants has cited cases from other jurisdictions including Clarks Lane Garden Apts. v. Schloss, 197 Md. 457, 79 A.2d 538 (1951), in which the Court of Appeals of Maryland had before it the issue as to whether or not a proposed area for garden apartments contained a sufficient amount of area to meet zoning requirements.

The applicable zoning ordinance required a minimum of five acres of land for the number of units proposed for construction. The entire area of land contained slightly over five acres. However, after the area included in adjoining streets to be constructed was deducted, it was less than five acres. The Court refused to allow inclusion

of the area within the streets despite the fact that said streets had not, at that time, been opened and used as such.

It can readily be seen that the facts of the instant case clearly distinguish it from the factual situation existing in the Schloss case.

Also, we have concluded there are some rather significant factual distinctions between the instant case and all of the other cases cited by complainants in support of their position.

In determining where the equities of the instant case lie, we cannot overlook the fact that the complainants apparently took no action against defendants while they were originally constructing their house on the lot by locating a portion thereof on the T.V.A. easement, but waited until it had been completed and then filed their bill after it became apparent that the defendants were relocating their house upon the lot by moving and turning it in such a manner that no portion thereof was located upon the easement.

Complainants now take the position that the 125 feet included within such easement should be excluded for the purpose of computing the minimum lot width. If this position is sound, then the minimum lot width requirement was not met when the house was originally built with part of it located upon the area within the easement.

Thus, it would appear that what complainants are actually attempting to do in this case is to prevent defendants from locating the house so that one side of it faces the street and the front of it faces a side boundary of the lot, but they have no legal or equitable right to

complain about this manner of relocating the house, since there is no restrictive covenant applicable to the lot which prevents the defendants from locating their house thereon in such a manner.

■ Although the defendants did not, in their answer, rely upon the defense of laches, we must for the purpose of considering the equities of the case, adhere to the principle that the equitable remedy of injunction must be applied for with reasonable promptness as was held by this Court in Morrison v. Jones, 58 Tenn. App. 333, 430 S.W.2d 668 (1968), and by the Supreme Court in Madison v. Ducktown Sulphur, Copper & Iron Co., 113 Tenn. 331, 83 S.W. 568 (1904).

Also, in Granberry v. Jones, 188 Tenn. 51, 216 S.W.2d 721 (1949), the Supreme Court said:

"* * * 'equity requires a party to assert his right in a reasonable time after he discovers that he has been wronged.' "

■ In our opinion, the relocation of defendants' house on their lot in the manner described in the pleadings and proof in this case does not violate the minimum width lot requirement of 75 feet provided in Section 23 of such Restrictive Covenants.

■ Furthermore, since the house has already been located on the lot, the granting of an injunction as prayed in the bill would necessarily require demolition or removal of such house and would impose an undue hardship upon the defendants. Therefore, under the circumstances of the case, it would be unjust and inequitable to prevent them from relocating their house in such a manner as not to encroach upon the T.V.A. easement.

Assignments of error numbered one and three are sustained, the decree of the trial Court granting complainants an injunction is reversed and the case dismissed at the cost of complainants.

In view of this disposition of the case, it is not necessary for us to consider assignments numbered two and four and those assignments are pretermitted.

The complainants-appellees will pay all of the costs of this appeal.

Shriver, P.J. (M.S.), and Todd, J., concur.