John J. SHEA, Jr.

v.

George SARGENT et al.

Supreme Court of Tennessee.

Oct. 1, 1973.

James S. Cox, Memphis, for appellant.

George E. Morrow, S. Shepherd Tate, C. B. Dudley, Jr., Edward P. Russell, Jr., Memphis, for appellees.

## OPINION

McCANLESS, Justice.

This case involves the construction of a restrictive covenant between two adjacent landowners in an exclusive residential section of Shelby County. The original twenty-three acre tract of land in question was owned by Mary Eugenia Buxton Whitnel and her husband. They sold nine acres on May 8, 1959, to Walter N. Pharr and his wife. The parties entered into a covenant, the pertinent part of whch is, as follows:

"COVENANT

"This indenture made and entered into as of at Memphis, Tennessee, this 8th day of May, 1959, by and between Mary Eugenia Buxton (Whitnel) hereinafter called first Party and Walter N. Pharr and wife Doris M. Pharr, hereinafter called Second Party,

"WITNESSETH

"WHEREAS First Party is the owner in fee simple of the tract of land described as Lot 15 of Bennett's Ridgeway Farms Subdivision as shown on plat of record in Plat Book 7, page 104 of the Register's Office of Shelby County and has this day sold to Second Party approximately nine (9) acres of said tract fronting on Shady Grove Road and *each party is desirous of protecting their respective tracts from depreciation which might result if their respective tracts were resubdivided into small lots.*

"NOW, THEREFORE, for and in consideration of their mutual covenants, each party acknowledging receipt of valuable consideration of the other, First Party for herself, her heirs and assigns does covenant with Second Party for themselves, their heirs and assigns and Second Party for themselves, their heirs and assigns do covenant with First Party, her heirs and assigns that from the date hereof *neither party hereto will subdivide their respective tracts into parcels of less than two and one-half (2½) acres,* exclusive of interior public or private roads, *nor erect or permit to be erected thereon any house having less than twenty-five hundred (2500 sq. ft.) square feet of floor area on the ground floor, without prior notice in writing to the other party who shall have an exclusive option right of refusal to meet any bona fide offer for the party's tract affected, if a sale to others is involved, or, if proposed by the owner, then at the median price fixed by qualified appraisers,* one selected by the buyer, one by the seller and the third selected by these two. Thereafter, the affected party shall have thirty (30) days to meet such bona fide offer or appraisal price, and the parties hereto, their heirs and assigns, shall be bound to convey to such party upon tender." (Emphasis added.)

On December 23, 1960, the plaintiff, John J. Shea, Jr., purchased the nine acres from the Pharrs and built an expensive home thereon. Mary Eugenia Buxton Whitnel died May 8, 1972; when she died she was the sole owner of the adjacent fourteen acres. Her executors, in accordance with her will, offered the property for sale on a sealed bid basis. The highest bidder was the defendant, East Park Baptist Church, which on March 30, 1973, bought the property for $426,501.00. The church has announced plans to construct on the land a private school to accommodate 1,400 students.

On May 8, 1973, the plaintiff filed a complaint in the Chancery Court of Shelby County, asking that the sale be set aside on grounds that it was prohibited by the terms of the covenant. The complaint also asked the court to compel specific performance in accordance with plaintiff's interpretation of the covenant. The defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted, pursuant to Rule 12.02(6), Tennessee Rules of Civil Procedure. The Chancellor granted the motion, and complainant appealed, assigning seven errors.

■ The plaintiff's assignments overlap to some extent, but basically they present four issues. The first is whether the covenant is a restrictive covenant which should therefore be strictly construed. The plaintiff cites cases, notably Wallace v. St. Clair, 147 W.Va. 377, 127 S.E.2d 742 [1962], which represent the so-called "modern trend". Under these opinions restrictive covenants are not strictly construed because they are said to protect the landowner and the public rather than restrict the use of the land. The law in

Tennessee, however, is otherwise. The general rule in our courts is that restrictive covenants, those which restrict the use of land, must be strictly construed. This Court has recognized the protective aspects of such covenants, but has concluded that they are restrictive in nature. Turnley v. Garfinkel, 211 Tenn. 125, 362 S.W.2d 921, 923 [1962]. In expressing the Tennessee law, the Court in Turnley v. Garfinkel said:

"Such restrictive covenants, of course, like other contracts, will be enforced according to the clearly expressed intention of the parties; but being in derogation of the right of unrestricted use of property, will be strictly construed, and will not be extended by implication to anything not clearly and expressly prohibited by their plain terms."

The rule has been established in Tennessee since the case of Emory v. Sweat, 9 Tenn.App. 167 [1927], in which the court said:

"Restrictive covenants are in derogation of the right of unrestricted use of property, and are to be strictly construed against the party seeking to enforce them. They will not be enforced by implication, and will include anything not plainly prohibited."

See also Lowe v. Wilson, 194 Tenn. 267, 250 S.W.2d 366 [1952]; Hamilton v. Broyles, 57 Tenn.App. 116, 415 S.W.2d 352 [1966]. With these rules in mind, we now turn to the language of the covenant.

The plaintiff contends, secondly, that the trial court and the defendants incorrectly construed the covenant language. According to the plaintiff's view, the purpose of the covenant was to protect the residential character of the property; the method of protection provided in the covenant was to allow one landowner the absolute option of first refusal if the other landowner decided to sell his property to a third party. As to the purpose of the covenant, however, the

plaintiff's interpretation is an unwarranted extension of the unambiguous language of the covenant. The parties set out their purpose of the instrument in these words:

" . . . each party is desirous of protecting their respective tracts from depreciation which might result if their respective tracts were resubdivided into small lots."

The Court need not go beyond the plain meaning of the covenant wording itself to find "the clearly expressed intention of the parties," as required by Turnley v. Garfinkel, supra. The words must be strictly construed, without the drawing of unnecessary implications. The plaintiff argues that to disregard his interpretation would be to allow the defendants not only the right to build a private school on the property, but also to build any other structure not in keeping with the character of the neighborhood, such as a paper mill or slaughter house. These restrictions, however, are more appropriately within the province of the zoning laws. Moreover, if the parties had intended the covenant to protect their property as residential, they could have said so in clear language. Residential restrictions clearly expressed in the covenant have been upheld. Carr v. Trivett, 24 Tenn.App. 308, 143 S.W.2d 900 [1940]. But the clear expression of the parties did not go that far in this case, and we are bound by past decisions not to enlarge upon their language.

This covenant does not give the plaintiff any absolute option of first refusal in the event of any proposed sale to a third party. The covenant states that such an option exists only if (1) the seller or proposed buyer seeks to sub-divide the property, or (2) the seller or proposed buyer seeks to build a house thereon smaller than 2,500 square feet. The plaintiff places great reliance on the phrase "any bona fide offer," citing cases which hold that "any" means "all." This is reading the phrase out of context, however; the

phrase is an integral part of a sentence which limits the plaintiff's right of an option to buy. The word "any" refers to any offer in which subdivision or the building of a small house is proposed.

■ The defendants' construction of the covenant is clear and unambiguous, plain on the face of the instrument, and is a "fair and reasonable meaning" within the requirements of Hamilton v. Broyles, supra, 415 S.W.2d at 356. We are bound to accept the defendants' view under the rule of Southern Advertising Co. v. Sherman, 43 Tenn.App. 323, 308 S.W.2d 491 [1957]:

> "Such a restrictive covenant . . . should not be given a construction which extends it beyond the literal meaning of the terms; *if such terms are capable of two constructions, the one that limits the covenant should be adopted,* and if the right to enforce the covenant as to other property is doubtful such right will be denied." (Emphasis added.)

See also 20 Am.Jur.2d, Covenants, Conditions and Restrictions, Section 187.

The plaintiff contends, thirdly, that even if the court must construe the covenant strictly, it can still look to extrinsic facts to determine the true intention of the parties. However, when the meaning of the covenant is reasonable and unambiguous, there is no need to seek further clarification outside its language.

> "The surrounding circumstances are taken into consideration in determining the intention in some cases, where it is necessary to do so by reason of the uncertainty or ambiguity in the language giving rise to the restriction." 20 Am.Jur. 2d, Covenants, Conditions and Restrictions, Section 186.

■ The plaintiff's final contention is that the trial court erred in sustaining the defendants' motion to dismiss, citing cases which hold that the courts generally disfavor demurrers. The plaintiff's cause of action rests on his construction of the covenant, which in our opinion is an untenable construction. The demurrer was properly sustained.

We affirm the decree of the Chancery Court.

DYER, C. J., CHATTIN and FONES, JJ., and LEECH, Special Justice, concur.