IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 21, 2012 Session

## ROGER D. ROACH, et al., v. DON BUNCH, et al.

**Appeal from the Chancery Court for Grainger County**
**No. 07-095    Hon. Telford E. Forgety, Jr., Chancellor**

**No. E2011-00159-COA-R3-CV - Filed July 23, 2012**

Plaintiffs who own homes in Mallard Baye subdivision, brought this action against defendants who had constructed a septic system on several of the residential lots serving other properties, alleging that defendants acted in violation of the restrictive covenants of their subdivision.  Following a bench trial, the Trial Court held that the defendants' construction of the septic system violated the subdivision restrictive covenants, and the defendants appealed.  On appeal, we affirm the Judgment of the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Douglas T. Jenkins, Rogersville, Tennessee, for the appellants, Leon Epling, Rhonda Epling, and Jenny Epling.

Kevin C. Stevens, Knoxville, Tennessee, for the appellees, Roger D. Roach, et al.

### OPINION

This action was brought by the plaintiffs for a Declaratory Judgment, Injunctive Relief, and Damages against defendants, asserting that the plaintiffs were residents of the

subdivision, and alleging that restrictive covenants of their subdivision had been violated by defendants and in violation of the restrictive covenants defendants had installed a septic dumping ground for six lots in Lighthouse Point, a contiguous subdivision.

The Complaint alleges that the original plan for Lighthouse Point that was submitted to the Grainger County Planning Commission showed that the lots in question would use a sand-filtered system that would be contained within Lighthouse Point. Further, that defendant, Leon Epling, never furnished a final plat for Lighthouse Point to the planning commission, so the commission had later voted to rescind their conditional approval of Lighthouse Point.

Following a bench trial in which several witnesses testified, the Trial Court entered a Judgment, and incorporated its Memorandum Opinion. The Court found the septic system violated the Mallard Baye restrictions and was never properly approved by the planning commission. The Court permanently enjoined the use of the septic system and ordered that it be removed within six months. The Court dismissed the claims against Bunch, and assessed court costs to the Eplings.

In the Court's Memorandum Opinion, it states that the septic system violates the restrictive covenants of Mallard Baye, and when Bunch developed the subdivision, he retained a contiguous parcel of land with six acres and built a home there, but it was not part of Mallard Baye. The Court found that Bunch later sold this parcel and home and it was acquired by Epling, who attempted to subdivide it and create Lighthouse Point. The Court found that Epling illegally sold at least two lots before ever getting preliminary approval of the subdivision plat from the planning commission, which is in violation of Tenn. Code Ann. §13-3-410. The Court found that Epling clearly did not intend to comply with the requirements for getting proper approval for the subdivision.

Further, the Court found the plat Epling presented to the planning commission for preliminary approval did not show the connection to Mallard Baye or the septic system he planned to build there. The Court found that after going to the Health Department and getting approval for the septic system, Epling had a new plat map drawn that showed the easement for pipelines into Mallard Baye for the system, but he never presented it to the planning commission. He did, however, record it in the register of deeds office but without proper dedication, and the Court questioned whether there was an element of concealment on Epling's part.

Further, the Court found that while it was unfortunate for the property owners in Lighthouse Point, they were charged with knowledge of the law, which said that the plat was not appropriate. The Court found the system was a violation of the Mallard Baye restrictions

because it was a structure built on the lots, but was not a single family residence which was all the restrictions allowed. Further, that it violated the restriction about dumping waste on the lots. The Court also found that the planning commission never approved the subdivision as built.

The Eplings appealed and raised one issue:

Whether the septic system built by Epling amounts to a violation of the Mallard Baye restrictive covenants?

In a non-jury case, we review *de novo* upon the record of the proceedings below, with a presumption of correctness as to the trial court's factual determinations, unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d); *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). The trial court's conclusions of law, however, are accorded no such presumption. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

The applicable restrictive covenants of Mallard Baye provide:

4. A maximum of one single-family residence shall be built on any lot, and no structure shall be erected, altered, placed or permitted to remain on any lot other than one detached single-family dwelling not to exceed three stories in height and, a private garage, except as may be permitted and approved by the Developer in accord with paragraphs 14 and 15 of these restrictions.

11. No lot shall be used or maintained as a dumping ground for rubbish trash or other waste [sic] shall not be kept except in sanitary containers. All incinerators or other equipment for the storage or disposal of garbage shall be kept in a clean and sanitary condition.

Defendants argue that the Court's ruling is error, because to hold these restrictive covenants were violated by the septic system is to place a strained construction on the restrictions. The Trial Court, however, ruled the restrictions were clear and unambiguous, and that just looking at the four corners of the restrictions, they prohibited the septic system at issue.

Restrictive covenants are strictly construed in Tennessee, and their interpretation shall be made with consideration of well-established rules of law and construction, the most important of which is that the words used themselves are the "primary evidence of meaning". *See Shea v. Sargent*, 499 S.W.2d 871 (Tenn. 1973); *Parks v. Richardson*, 567 S.W.2d 465

(Tenn. Ct. App. 1977).  The words of the restriction should be given their usual and ordinary meaning, and if the meaning is reasonable and unambiguous, "there is no need to seek further clarification outside its language".  *Hicks v. Cox*, 978 S.W.2d 544 (Tenn. Ct. App. 1998); *Shea*.  If the language of the restriction is unambiguous, and its plain meaning is fair and reasonable, the court is not to resort to the use of parol evidence.  *Hicks*.

The Court found that Restriction 4 was unambiguous, which states that no "structure" could be erected or placed on any lot aside from one single-family dwelling.  The Court held that the septic system constructed clearly constituted a "structure".  In a somewhat factually-similar case, this Court defined the term "structure" in a like restrictive covenant, and ruled consistently with the Trial Court's holding in this case.

In *Wilson et al. v. Woodland Presbyterian School*, 2002 WL 1417064 (Tenn. Ct. App. June 25, 2002), the defendant was a school adjacent to a residential subdivision, and the school purchased two lots within the subdivision and began building a playground. Plaintiffs, who were homeowners in the subdivision, objected to the use of the lots as a playground, arguing that it violated the subdivision's restrictive covenant which stated that each lot could only have a one or two family dwelling built thereon.  The restriction in that case was very similar to the one in this case, stating:

> No structure shall be erected, altered, placed, or permitted to remain on any residential building plot other than a one or two family dwelling, not to exceed two stories in height, and a private garage for not more than two cars, and any outbuildings incidental to the residential use of the lot.

In that case, the Trial Court held that the playground equipment, which was immovable and permanently embedded in concrete, constituted a structure and thus violated the restriction. *Id.*

We agreed, and looked at the definition of "structure" contained in Black's Law Dictionary, which is as follows:

> Any construction, or any production or piece of work artificially built up or composed of parts joined together in some definite matter. **That which is built or constructed**; an edifice or building of any kind.  A combination of materials to form a construction for occupancy, use or ornamentation whether **installed on, above, <u>or below</u>** the surface of a parcel of land.

Black's Law Dictionary (6th Ed. 1990)(emphasis added).

-4-

This Court accepted that definition of "structure" and held that the immovable, permanent playground equipment in question constituted a structure. *Id.*

Likewise, in this case, the septic system which was unquestionably permanently constructed on the lots, was built and installed to remain there, even though the majority of it was below the surface of the land, but would still constitute a "structure". The plain and unambiguous construction of the restriction mandates that this permanently constructed system which was built to remain on the lots is an unauthorized structure as it was not a single-family dwelling, regardless of whether it was above or below the surface of the land.[1]

Moreover, with regard to restriction number 11, the Trial Court correctly found that the lots were being used improperly for the dumping of waste. Restriction 11 clearly and unambiguously states that "No lot shall be used or maintained as a dumping ground for . . . waste". In this case the septic system, which defendants admitted placed wastewater into field lines on the lots, would constitute using the lot as a waste dumping ground. As the Trial Court stated, the lots are "not intended for a place to dump waste of another subdivision on lots within this subdivision." As such, the use of the system violated the clear and unambiguous restrictive covenants of Mallard Baye, and we affirm the Trial Court's Judgment.

The cause is remanded, with the cost of the appeal assessed to Leon, and Rhonda Epling.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1] Any contrary testimony by Bunch that he would not consider the system a "structure" is inadmissible parol evidence which is unnecessary to interpret these unambiguous restrictions. *See Hicks*.