DICEY BURTON v. MAYOR AND ALDERMEN OF THE CITY
OF CHATTANOOGA.

MUNICIPAL CORPORATION.  *Liadility of.*  A municipal corporation cannot
lawfully cut ditches and canals so as to empty the water from ponds
in such a manner as to flood private proverty, without being liable
in damages.

### FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton
county.   D. C. TREWHITT, J.

———— ———— for  Burton.

———— ———— for  Mayor  and  Aldermen.

FREEMAN, J., delivered the opinion of the court.

This suit is commenced before a justice of the peace
of Hamilton county.   The cause of action stated is
" for wrongfully and unlawfully digging and construct-
ing ditches and streets so as to flood the property of
plaintiff with water, rendering said property unavaila-
ble for use," etc.

The case is as follows:   The plaintiff owns and was
in possession of a house and lot in the city of Chat-
tanooga.   Some two or three blocks from this lot there
is a pond, and in the pond was a sink or hole under
ground, which carried off the surplus accumulation of
water in the pond.   In 1878, during the prevalence

of the yellow fever, the city had drains made along streets in this neighborhood, and grading done, both for sanitary purposes and in order to give employment to unemployed laborers deprived of employment by the cessation of the usual industries caused by the epidemic. A fill was made across the point where the sink or natural drain was in the pond, the loose dirt from which washed down into this hole and tended to fill it up, probably did do so. In addition to this, a pond some distance from this pond was drained by pipes into it, and several other ditches cut so as to carry the surface water and turn it also into the pond. These things caused the water in the pond to rise and spread over the neighboring streets and back up on the lot of plaintiff, so as to render it uninhabitable, at times for several weeks, during rainy seasons. She was compelled to move out of her house twice, and the property was injured by the water.

The question is, whether a municipal corporation, by virtue of its ownership, control, and duty to open, improve and repair the public streets of a city, can inflict such injuries as are complained of, and whether they are but the incidental damages naturally resulting from the exercise of its ownership and powers?

The principle on which the right of the corporation rests is thus stated by Judge Turley, in the case of *Humes* v. *Mayor and Aldermen of Knoxville*, 1 Hum., 407: "Every proprietor of land, where not restrained by covenant or custom, has the entire dominion of the soil and the space above and below to any extent he may choose to occupy it, and in this occupation he

may use his land according to his judgment, without being answerable for the consequences to an adjoining owner, unless by such occupation he either intentionally, or for want of reasonable care and diligence, inflicts upon him an injury."

We think this principle sound. · It is one repeatedly approved by this court. See cases cited in head notes, 1 Hum., 403, Cooper's edition.

But it does not justify the intentional and purposed draining of the water of a pond from another part of the city property into the one hard by the plaintiff's property, by which the water is so increased in quantity as to work injury to the owner of property otherwise free from the water of such pond. His Honor, the circuit judge, charged substantially in accord with this view, and we think correctly.

The injury that results incidentally and as the result of the proper use of one's own property, is not the subject of an action, as illustrated by the cases cited, where in grading a street, with proper care, the foundations of a house hard by were injured. The general rule is stated to be, that the owner of the higher land, for instance, has no right, even in the course of use and improvement of his land, to collect the surface water into a drain or ditch, increasing it in quantity or in a manner different from the natural flow upon the lower lands of another, to the injury of such lands: *Beard* v. *Murphy*, 37 Ver., 99; 21 Iowa, cited in Wait's Act. and Def., vol. 4, 741. Surface water is a common enemy, which such landowner may reasonably get rid of in the best way

possible, but in relieving himself he must respect the rights of others.

In this case the damages were not the incidental result of the improvements, such as changing grade of streets, or even of digging drains to carry off the water, but the water was drained from one pond into another, thereby changing its location, so as to produce the injury complained of.

We think his Honor correctly told the jury that the city could not lawfully cut ditches and canals so as to empty the waters from other ponds in such a manner as to accumulate this water to the point of flooding plaintiff's lot, and not be responsible for the damages. If this could be done on the plea of public benefit by the work done, or as the proper use of one's own property, then on the same principle it might overflow the plaintiff's property entirely, turn it permanently into a pond, and thus deprive her of the use of it practically altogether. The principle that would sustain the right to do so temporarily, would equally justify doing it for all time.

For these reasons we hold the charge of the court not to be erroneous and affirm the judgment.