SPENCER v. O'BRIEN.—158 S. W. (2d) 445.

Eastern Section. July 8, 1941.

Petition for Certiorari denied by Supreme Court, February 7, 1942.

430

R. L. Ogle, of Sevierville, and Testerman, Ambrose & Badgett, of Knoxville, for appellant.

A. M. Paine, of Sevierville, for appellee.

PORTRUM, J. This suit was instituted in the Chancery Court by Mrs. Spencer to abate an alleged nuisance by the injunctive processes, seeking to have the defendant remove a stone wall constructed upon the north bank or Roaring Fork Creek opposite the property, and a like wall constructed upon the south side of said creek by the complainant. These walls confine the water of the creek within its natural bed, which bed as confined was adequate to carry the water and to prevent the water spreading out and overflowing the property of both the complainant and the defendant. The Chancellor held that it was within the rights of each party to construct her wall, and that no material damage was sustained by either because of the construction of the wall and confining the water within the bed of the creek. As a consequence of this holding, the property of each is materially advanced in value, by the construction of permanent improvements thereon, adding to the taxable value of the community. Had he held otherwise and required the removal of these walls upon the theory that each wall would push the surplus water over upon the other, then the creek would have overflown the banks of gorge and made permanent improvements impractical. The Chancellor will not use his injunctive power to curb progress even though some private individual has suffered a civil wrong or to redress a technical legal right; the equitable remedy of injunction is not a matter of right but is exercised only in the sound discretion of the Chancellor when the remedy at law is inadequate; therefore, when the remedy sought creates greater hazard than the injury suffered, the Chancellor will decline to call into play his injunctive power.

This property lies in Gatlinburg, Tennessee, a mountain village which is the Gate Way to the Great Smoky Mountain National Park, and every foot of land within the city's confine usable and reclaim-

able is of value, as a house site for summer cottages and cabins, which are in great demand. This creek with its descriptive name, Roaring Fork, races through the town, at a six to ten per cent fall, over and around large and numerous boulders lying in the bed of the creek. At this point the highway lies to the south and parallel with the creek, and the complainant purchased a lot fronting upon the highway and running back north to the center of the creek a distance of practically 30 feet, and to reclaim this lot and make it usable as a cabin site, she constructed a wall in the bed of the creek for a distance of 30 feet and a height of 10 feet, which made the top of the wall on a level with the front footage, and upon this wall and the bank she constructed her cabin. This wall was constructed three feet out in the bed of the creek and from the bank of the creek at the bottom, and at the top was 12 feet from the bank at the top of the so-called gorge, and at each end of the wall she constructed winds of the same height at an angle of practically 67 degrees, and at times of freshets and floods the wall replaced the water volume as indicated by the angle of the inside wall and ground surface, and the water that would fill this space was necessarily pushed by the wall to the opposite side and upon the land of the defendant. The complainant was permitted to make this improvement without objection on the part of the defendant; but the defendant, attempting to protect her property from the overflow, constructed her wall on the opposite side and parallel with the complainant's wall, and at the upper end making a like wing as that of the complainant, running from the wall into the bank of the creek, but when she had proceeded with the construction of her wall to a height of six feet, she was enjoined by the complainant from further erection and the court was requested to require the defendant by injunctive power to tear out her wall and to permit the waters to take their natural course upon her side of the creek. The defendant then filed a cross bill asking the court to require the complainant to tear down her cabin and tear out her wall in order that the water might follow its natural course on both sides of the creek.

The complainant insists that the wing of the defendant's wall diverts the water across the bed over against her wall and in time may damage or destroy it; but the complainant's wall performs a like service and diverts the water on her side of the creek over against defendant's wall, and the two diversions coming together in the center of the stream probably neutralize each other, but the two wings form the mouth of a funnel, directing the water into the neck of the funnel, which is the bed of the creek, and the parties have equal rights in the construction of the artificial funnel. It will be borne in mind that the funnel is adequate to carry the water and confines it to the bed of the stream. The channel is 17 feet wide and the stream at low water can be easily stepped across at places. The Chancellor held that the two walls prevented the overflow upon the property of

either, and that neither in fact has committed a wrong by diverting water from the main channel onto the property of the other. Certainly one had as much right to build a wall to confine the water in the channel as the other, and it being impossible for the defendant to divert the water out of the channel and over upon the property of the complainant because of the complainant's wall, then she is not chargeable with diverting the waters from their natural course, and this is true in reference to the act of the complainant, she has not diverted the water from its natural course because of defendant's wall and neither has transgressed the civil rights of the other. The parties had a right to reclaim their property from the occasional overflow of the creek and to construct walls to confine the water within the bed of the creek and to serve as foundations for cottages or cabins, which made this unproductive but valuable land productive, to the interest of themselves and to the public in general.

The court is not going to deny these parties the right of reclamation and improvement, or destroy these rights and values by requiring the removal of the walls in order that the parties may enjoy the incidental right, the water following its natural course and overflowing the banks at high flood. Such inconsequential rights which are attached to the soil must give way to the superior right of progress and improvement. The present owners can exercise dominion over this property but for a time, and they should be willing to forego such incidental rights as are asserted and use the property in a way to benefit themselves, their neighbor and the public. The courts will not permit them to do otherwise.

The court is familiar with the rule of law that a riparian owner cannot divert the flow of a stream over upon the property of other riparian owners to the material damage of that owner. The authorities relied upon by the complainant are sound. San Gabriel Valley Country Club v. Los Angeles County, 182 Cal., 392, 188 P., 554, 9 A. L. R., 1200; Mauvaisterre Drainage & Levee District v. Wabash Railway Co., 299 Ill., 299, 132 N. E., 559, 22 A. L. R., 950; Underwood v. Hill, 10 Tenn. App., 608, 619; Talley v. Baker, 3 Tenn. App., 321, 324; Conger v. Pierce County, 116 Wash., 27, 198 P., 377, 18 A. L. R., 393. But these authorities are not applicable here because the complainant nor the defendant has suffered any damages by reason of overflowing the lands of the other. The waters by reason of the wall are confined to their natural channel and, as the Chancellor pointed out, causes no damage.

It is insisted that it is not necessary to prove damages in a nuisance case where the water has been diverted upon the lands of another, but the law recognizes nominal damages which is sufficient to support the relief prayed. Citing 27 R. C. L., 1115. The defendant has not diverted any water over upon the land of the complainant and cannot by reason of her wall. And if the complainant constructs

a wall to serve as a dike to protect her property from the overflow, she must construct a sufficient wall to withstand the current, and hasn't a right to insist upon the water overflowing the property of the adjoining bank owner to protect her inefficient wall; the adjoining landowner has a like right to construct a dike or levee to protect her land from the overflow. And the complainant having constructed her wall first, cannot equitably deny the right of the defendant to construct a wall upon her property to serve the same purpose. She is in no position to insist upon equitable relief, especially a mandatory injunction.

The defendant with some show of reason insists that if she be made to tear out her wall that complainant should be made to tear out her wall, in order that the waters may run their wild and natural course over the property of each, but the complainant not being entitled to this relief, neither is the defendant. The Chancellor properly dismissed both the original and the cross bill. His decree is affirmed.

The complainant prosecuted her appeal first by filing bond, and the defendant followed along as a precautionary measure and prosecuted her appeal by filing bond, and, under the circumstances, the court thinks that the complainant, Mrs. Spencer, should pay two-thirds of the cost of the appeal, and the defendant, Mrs. O'Brien, should pay one-third, and it is so taxed.

McAmis and Ailor, JJ., concur.