C. Wayne SHEARER and wife, Velma
Shearer, Appellants,

v.

Howard Davis VANDERGRIFF and wife,
Mary Irene Vandergriff, Appellees.

Supreme Court of Tennessee,
at Knoxville.

Nov. 7, 1983.

Rehearing Denied Dec. 19, 1983.

Richard P. Jahn, Jr., Tanner, Jahn, Atchley, Bridges & Jahn, P.C., Chattanooga, for appellants.

Robert A. Frazier, Chattanooga, for appellees.

## OPINION

JOHN K. BYERS, Special Justice.

The issue in this case is whether T.C.A. § 28–2–103[1] bars the action of the appel-

---

1.  (a) No person or anyone claiming under him shall have any action, either at law or in equity, for the recovery of any lands, tenements or hereditaments, but within seven (7) years after

lants to compel the removal of a fence which was erected by the appellees to prevent the appellants from using an easement[2] which was appurtenant to the land of the litigants.

The chancellor found the suit of the Shearers was not barred by the limitation of T.C.A. § 28–2–103. The Court of Appeals reversed the judgment of the chancellor and held the suit was barred by this statute.

The application for permission to appeal was granted to resolve an apparent conflict between the decision of the Court of Appeals and the decision of this Court in *Boyd v. Hunt*, 102 Tenn. 495, 52 S.W. 131 (1899), and to settle the question whether the limiting statute (T.C.A. § 28–2–103) is applicable to suits involving incorporeal hereditaments.

The facts pertinent to the issues raised by the Vandergriffs as found by the Court of Appeals and in which we concur are as follows:

By instrument dated May 28, 1929, John A. Godsey, Bettie Godsey, and Tennessee Godsey entered into an agreement with John W. Miles and wife Nannie Miles, whereby the Godseys and Mileses exchanged triangular tracts of land which adjoined a 30-foot right-of-way. This instrument provided as to the newly created right-of-way the following:

It is agreed and understood that a road thirty (30) feet wide is opened upon along the West Line of the property herein conveyed to the said John W. Miles and wife, Nannie Miles, and the East line of the property herein conveyed to the said John A. Godsey and Tennessee Godsey. Said road to be for the use and benefit of the property belonging to the said John W. Miles and wife, Nannie Miles, and the said John A. Godsey and Tennessee Godsey, and shall never be closed without the consent of the parties of this agreement, their heirs or assigns, which consent shall be in writing, duly acknowledged, and placed of record in the Register's Office of Hamilton County, Tennessee.

A 50-acre tract owned by the Godseys ultimately came to be owned by the Shearers and a smaller one owned by the Mileses ultimately came to be owned by the Vandergriffs. In April 1964, about a year after Mr. Shearer acquired the 50-acre tract, Mr. and Mrs. Shearer purchased a 40-acre tract adjoining the 50-acre tract to the north, which is known in the record as the North 40. Whereupon, they began using the right-of-way in dispute for access to the newly acquired tract. The Vandergriffs then began obstructing the right-of-way, and on May 5, 1965, Attorney Clarence Kolwyck, who had been contacted by the Shearers, wrote a letter to Mr. Vandergriff advising him that legal action would be taken if the obstructions were not removed. Thereafter, Mr. Vandergriff consulted an attorney, had a survey made of his property and ultimately erected a fence down the middle of the right-of-way. Nothing was done to force removal of the fence until August 12, 1981, when this suit was filed.

The Shearers rely upon the provisions of T.C.A. § 28–2–101 and T.C.A. § 28–2–102[3]

---

the right of action accrued. (b) No possession of lands, tenements or hereditaments shall be deemed to extend beyond the actual possession of an adverse holder until the muniment of title, if any, under which such adverse holder claims such lands, tenements or hereditaments is duly recorded in the county in which the lands are located.

2. The appellants further claim the strip of land which is the subject of this case is a public roadway and adverse possession cannot be asserted as a defense to their suit. As the chancellor and the Court of Appeals found, there is no evidence to support this contention.

3. § 28–2–101. Adverse possession—State conveyance.—(a) Any person having had, by himself or those through whom he claims, seven (7) years' adverse possession of any lands, tenements, or hereditaments, granted by this state or the state of North Carolina, holding by conveyance, devise, grant, or other assurance of title, purporting to convey an estate in fee, without any claim by action at law or in equity commenced within that time and effectually

to assert that T.C.A. § 28–2–103 is not applicable in this case because the Vandergriffs have no color of title to the strip of land in question. They further rely upon the case of *German v. Graham*, 497 S.W.2d 245 (Tenn.App.1972), which held that adverse use will establish a right-of-way by prescription; and upon *Boyd v. Hunt, supra,* which held that a right-of-way will be extinguished by twenty (20) years of adverse use by the servient estate, to argue that T.C.A. § 28–2–103 does not apply to bar suits involving easements; and that the adverse use by the Vandergriffs must continue for twenty (20) years in order to extinguish the right-of-way and that they may compel the Vandergriffs to cease their adverse holding anytime during the twenty (20) year period.

 We think this reliance is misplaced. T.C.A. § 28–2–101 and T.C.A. § 28–2–102 protects persons who are holding adversely under a color of title from suits to oust them from the entire boundary of lands on which they are adversely holding a portion, and T.C.A. § 28–2–103 protects an adverse holder without color of title only to that portion of land which is being held adversely. *Peoples v. Hagaman*, 31 Tenn.App. 398, 215 S.W.2d 827 (1948).

We think this reliance also misconstrues the inter-relation of the decisional law of prescriptive creation and prescriptive extinguishment of rights-of-way and the limiting provisions of T.C.A. § 28–2–103 in suits thereon.

 Neither of these cases dealt with the application of T.C.A. § 28–2–103. The holding of the Court of Appeals in this case does not conflict with *Boyd.* Under the holding in *Boyd,* a right-of-way may be extinguished by twenty (20) years adverse

use. Under T.C.A. § 28–2–103, a suit to abate this adverse use must be brought within seven (7) years from the time the cause of action arose or the right of action is barred. In the interim period of time between the seven (7) years and twenty (20) years, if the adverse holding ceases, the person who has the right-of-way may resume his use, as the right-of-way still exists. On the other hand he may not bring an action to abate the adverse use during that period and if the adverse use continues for twenty (20) years, the right-of-way is extinguished.

 The Court of Appeals correctly held that the action of the appellants was barred by the limiting statute, and we affirm this judgment.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.

---

prosecuted against him, is vested with a good and indefeasible title in fee to the land described in his assurance of title.

(b) No title shall be vested by virtue of such adverse possession, unless such conveyance, devise, grant, or other assurance of title shall have been recorded in the register's office for the county or counties in which the land lies during the full term of said seven (7) years' adverse possession.

§ 28–2–102. Action barred after seven years.—On the other hand, any person, and those claiming under him neglecting for the said term of seven (7) years to avail themselves of the benefit of any title, legal or equitable, by action at law or in equity, effectually prosecuted against the person in possession, under recorded assurance of title, as in § 28–2–101, are forever barred.