**R.J. LEEPER, and wife, Mary Leeper, Plaintiffs-Appellants,**

v.

**Orville COOK, and wife, Pauline Cook, Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Jan. 18, 1985.

Application for Permission to Appeal Denied by Supreme Court April 1, 1985.

Carl R. Ogle, Jr., Jefferson City, for plaintiffs-appellants.

William O. Foutch, Jr., of Capps, Foutch & Cantwell, Morristown, for defendants-appellees.

## OPINION

FRANKS, Judge.

Plaintiffs' suit to reacquire title to three lots in Blue Grass Hills Subdivision, purchased by defendants at a tax sale, was dismissed by the chancellor and, on appeal, plaintiffs insist they are entitled to the lots on the theories of either fraud and deceit or unjust enrichment.

Defendants sold the lots at issue in 1963 to James DeVotie and wife. That deed has not been recorded and, on February 12, 1965, the DeVoties sold the lots to plaintiffs, who did not record their deed until November 12, 1980.

A complaint to sell the lots for back taxes was filed in 1977, naming defendants as the owners of the properties. Defendant Cook was served with process on December 28, 1977. Cook did not answer the complaint but appeared at the tax sale ordered by the court and purchased the lots for $720.00 on June 30, 1978.

Cook testified he paid taxes on the lots from 1963 to 1970, all the while complaining to the officials at the courthouse but was unable to get his name as owner of the property removed from the tax rolls. He stated that on advice he quit paying taxes on the property after 1970. All of the foregoing is undisputed: the only significant dispute between the parties is plaintiff testified he advised Cook on one occasion that plaintiff owned some property that Cook once owned in the Blue Grass Subdivision. Defendant had no recollection of the conversation and testified that he did not know the true owner of the property at all times material to this dispute.

Plaintiffs insist that defendant, by remaining silent when served with process in the tax sales case, perpetrated a fraud on plaintiffs and profited by purchasing the three lots which plaintiff valued at $3,000.00 each for the above stated consideration.

We agree with the chancellor's conclusion there was "no duty owed by Cook to Leeper". The chancellor accepted the defendant's testimony that he did not know how to contact DeVotie and could not advise him of the tax suit but had repeatedly advised the trustee, assessor and circuit court clerk that he did not own the subject property. The chancellor also credited defendant's testimony that he did not know that plaintiffs owned the property.

The evidence does not establish fraud, the reason being, as the Supreme Court tersely observed: "The equitable doctrine of fraudulent concealment is based upon the principle of fair dealing. Where there

is no dealing between the parties there can be no concealment." The court further elaborated:

> In 12 Ruling Case Law, p. 306, it is said: "As a general rule to constitute fraud by concealment or suppression of the truth there must be something more than mere silence, or a mere failure to disclose known facts. There must be a concealment, and the silence must amount to fraud. Concealment in this sense may consist in withholding information asked for, or in making use of some device to mislead, thus involving act and intention. The term generally infers also that the person is in some way called upon to make a disclosure. It may be said, therefore, that, in addition to a failure to disclose known facts, there must be some trick or contrivance intended to exclude suspicion and prevent inquiry, or else that there must be a legal or equitable duty resting on the party knowing such facts to disclose them."

*Patten v. Standard Oil Co.*, 165 Tenn. 438, 443, 55 S.W.2d 759 (1933).

Plaintiffs also seek to recover the property under the theory of "unjust enrichment". They concede that a legal or equitable obligation is required to establish a basis for restitution and argue that an obligation to inform plaintiffs of the tax suit arose because plaintiffs are defendants' successors in title and defendants were aware of plaintiffs' ownership of the land prior to the tax sale (a tenuous conclusion). No authority is submitted to support this insistence. Accordingly, we conclude no obligation arose between the parties because there is no privity nor transactions between the parties establishing a basis for either a legal or equitable obligation the one to the other.

Plaintiffs' failure to record their deed proximately resulted in the loss for which they seek equitable relief. Where a party's remedy was "in his own hands" and he failed to protect his interest, as a general rule, neither a court of law nor equity will intervene on his behalf. *See Granber-ry v. Jones et al.*, 188 Tenn. 51, 216 S.W.2d 721 (1949).

Plaintiffs sought a new trial on the grounds of newly discovered evidence and attached affidavits of plaintiffs' attorney and William Marks, wherein Marks states he saw "two lots together in Strawberry Plains, Tennessee, which were for sale and called the number listed on the sign to inquire...." He contacted Mr. Cook and Cook advised he had an investment in the lots but didn't actually own the lots. Cook indicated Mr. R.J. Leeper had the deed to them. He further stated that after the discussion he spoke to Leeper and advised him he had been referred by Mr. Cook.

Whether to grant a new trial based on newly discovered evidence is discretionary with the trial court. *Seay v. City of Knoxville*, 654 S.W.2d 397 (Tenn.App. 1983). The motion should only be granted when it is evident an injustice has been done and a new trial will change the result. *Brown v. University Nursing Home, Inc.*, 496 S.W.2d 503 (Tenn.App.1972).

Several factors establish the chancellor properly exercised his discretion in overruling the motion for a new trial. The purported witness's affidavit suggests the plaintiff was made aware of this event and a party, as well as his attorney, is required to exercise reasonable diligence in procuring evidence for the trial. *Seay, supra*. An abuse of discretion is not necessarily shown by refusing to grant a new trial based on newly discovered evidence which is merely cumulative and is for the purpose of discrediting the testimony of a witness. *Johnson v. Woman's Hospital*, 527 S.W.2d 133 (Tenn.App.1975). Moreover, the chancellor, in overruling the motion, concluded the "new" evidence would have no effect on the result. Accordingly, we affirm the judgment and remand at appellants' cost.

SANDERS and CANTRELL, JJ., concur.