# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

September 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

CUMBERLAND BEND )
INVESTORS, L.P., )
                    )
    Plaintiff/Appellee, )
                    )    Appeal No.
                    )    01-A-01-9810-CH-00543
VS. )
                    )    Davidson Chancery
                    )    95-3303-I
AMBROSE PRINTING )
COMPANY, INC., )
                    )
    Defendant/Appellant. )

APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

NANCY S. JONES
MICHAEL G. STEWART
WALLER LANSDEN DORTCH & DAVIS
511 Union Street, Suite 2100
Nashville, Tennessee 37219-8966
    Attorneys for Plaintiff/Appellee

ANTHONY J. MCFARLAND
BASS, BERRY & SIMS PLC
2700 First American Center
Nashville, Tennessee 37238-2700
    Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
CAIN, J.
COTTRELL, J.

## **O P I N I O N**

Ambrose Printing Company, Inc. claimed a parking easement by prescription or by implication in a lot across the street from its office building. The owner of the lot, Cumberland Bend Investors, L.P., sought a declaratory judgment on Ambrose's claim. The Chancery Court of Davidson County granted summary judgment to Cumberland Bend. We affirm.

## I.

In 1976 Ambrose leased a building in a commercial development in Nashville called MetroCenter. The owner agreed to furnish 100 parking spaces, either adjacent to the leased building or on the owner's lot across the street. The owner elected to designate a large lot across the street where Ambrose's employees could park, along with the customers of other businesses in the area. No particular spaces were designated for Ambrose's use.

The building leased by Ambrose and the lot across the street were subsequently transferred to different owners. In 1980, in order to facilitate the sale of the parking lot, Ambrose was asked to acknowledge that its parking needs would thereafter be filled only on a lot adjacent to its building on the same side of the street. Mr. Ambrose executed a certificate acknowledging that the landlord had designated another area to fulfill the obligation to provide Ambrose with 100 parking spaces.

Apparently the new parking spaces never materialized, and Ambrose's employees continued to share the parking lot across the street. In 1981 Mr. Ambrose wrote to the owner of the parking lot about the situation. His letter ends with this sentence: "I assume we can continue to park there until we hear from you to the contrary."

In 1982 Ambrose bought its building. The deed does not convey any property other than the building and the lot upon which it stands; it does not mention any additional parking spaces.

On July 13, 1988, the owner of the parking lot physically prevented Ambrose's employees from parking there. The secretary of the Ambrose Corporation wrote to the owner's agent, asserting a right to an unspecified number of parking spaces in the disputed lot, based on the original lease. On September 26 of the same year, the owner of the lot expressly granted Ambrose's employees, guests, and invitees permission to park on the paved portion of the lot. The owner reserved the right to redesignate the parking area to another site on five days written notice.

The Ambrose employees continued to park on the lot despite minor skirmishes over the right to do so. Finally, in 1994 Cumberland Bend, which had purchased the parking lot in 1992, filed this action for a declaratory judgment that Ambrose had no right or interest in the parking lot. The Chancery Court of Davidson County granted Cumberland Bend summary judgment.

## II.

## An Easement by Prescription

Ambrose claims a prescriptive easement to 100 parking spaces on Cumberland Bend's lot. Contrary to Cumberland Bend's argument, which consumes most of its brief, Ambrose does not insist that it has acquired its rights by seven years adverse possession. Ambrose concedes that to affirmatively establish an easement, the adverse holder must show adverse use for a period of twenty years. *See McCammon v. Meredith*, 830 S.W.2d 577 (Tenn. App. 1991), and the use must be "adverse, under claim of right, continuous, uninterrupted, open, visible, exclusive, and with the knowledge and acquiescence of the owner of the servient tenant, and must continue for the full prescriptive period . . . ." *House v. Close*, 346 S.W.2d 445 at 447 (Tenn. App. 1961).

Ambrose contends, however, that once the adverse use has started, the owner's right to stop it will be barred after seven years by Tenn. Code Ann. § 28-2-103. That Code section provides: "No person or anyone claiming under him shall have any action, either at law or in equity, for the recovery of any lands, tenements, or hereditaments, but within seven (7) years after the right of action accrued."

In *Shearer v. Vandergriff*, 661 S.W.2d 680 (Tenn. 1983), our Supreme Court applied Tenn. Code Ann. § 28-2-103 to an action to compel the defendants to remove a fence which prevented the plaintiffs from using an easement. In that case the parties owned adjoining land with a thirty foot right

of way running between them. The center line of the right of way ran along the property line. One of the owners erected a fence down the middle of the right of way and more than seven years passed without any action being taken to have the obstruction removed.

The plaintiffs argued that Tenn. Code Ann. § 28-2-103 did not apply to suits involving easements, since twenty years of adverse use was required to extinguish the easement as well as to establish it. *See Boyd v. Hunt*, 102 Tenn. 495, 52 S.W. 131 (1899). The Supreme Court rejected this contention, however, and said:

> We think this reliance also misconstrues the inter-relation of the decisional law of prescriptive creation and prescriptive extinguishment of rights-of-way and the limiting provisions of T.C.A. § 28-2-103 in suits thereon.
>
> *        *        *
>
> Under the holding in *Boyd*, a right-of-way may be extinguished by twenty (20) years adverse use. Under T.C.A. § 28-2-103, a suit to abate this adverse use must be brought within seven (7) years from the time the cause of action arose or the right of action is barred. In the interim period of time between the seven (7) years and twenty (20) years, if the adverse holding ceases, the person who has the right-of-way may resume his use, as the right-of-way still exists. On the other hand he may not bring an action to abate the adverse use during that period and if the adverse use continues for twenty (20) years, the right-of-way is extinguished.

661 S.W.2d at 682.

Ambrose argues that *Shearer v. Vandergriff* is authority for its position: that once seven years has passed, the owner of the servient tenement

-5-

cannot interfere with the adverse use, which will ripen into an easement after twenty years.

We think, however, that Ambrose is mistaken, for two reasons. First, subsection (b) of Tenn. Code Ann. § 28-2-103 provides that the adverse possession shall not be deemed to extend beyond the actual possession of the adverse holder until some muniment of title is recorded. *See Moore v. Brannan*, 304 S.W.2d 660 (Tenn. 1957). Since Ambrose has never had actual possession of any particular part of the parking lot, the statute does not provide a defense to this action.

Second, beyond the obvious language of the statute, this case is the reverse of *Shearer v. Vandergriff.* In *Shearer* the adverse possession covered a part of an <u>established</u> easement. After seven years, the statute operated to bar an action to have the obstruction removed. Here, the action was brought for a declaration that Ambrose did not have an easement (or to prevent Ambrose's claim from ripening into an easement). If an action for that purpose is barred after seven years, the time required for establishing a prescriptive easement has effectively been shortened from twenty years to seven years. After seven years the adverse user would be home free, so long as he could hold on for thirteen more years. We think the distinction we make here is implicit in the Supreme Court's language in *Shearer*, where the court referred to the differences in "the decisional law of prescriptive creation and prescriptive extinguishment of rights-of-way." 661 S.W.2d at 682. Thus, Tenn. Code Ann. § 28-2-103 is not a bar to this action.

The undisputed facts in this case show that at least until 1980 Ambrose was using the parking lot with the permission of the owner. Its lease provided that the owner would furnish the 100 parking spaces. In 1980 Ambrose acknowledged that it did not have any right to park on the lot across the street (apparently on the promise of the owner that the additional parking would finally be provided next to the building.) Only after the additional lots were not provided did Ambrose claim a <u>right</u> to the continued use of the parking lot. Therefore, regardless of all the other questions about whether the use was permissive or uninterrupted, Ambrose cannot show twenty years of adverse use.

## II.

### An Easement by Implication

When a parcel of property is divided, an easement by implication preserves "all those continuous and apparent easements which have in fact been used by the owner during the unity of ownership and possession." *Powell v. Riley*, 83 Tenn. 153 at 159 (1885). In *Allison v. Allison*, 193 S.W.2d 476 (Tenn. App. 1945), the Court outlined the three essential factors for an easement by implication:

> "First, unity and a separation of the title; second, that before the separation takes place, the use which gives rise to the easement shall have been so long continued and so obvious as to show that it was meant to be permanent; and third, that the easement shall be [reasonably] necessary to the beneficial enjoyment of the land granted or retained." *Rollo v. Nelson*, 34 Utah 116, 96 P. 263, 26 L.R.A., N.S. 315, 324.

193 S.W.2d at 478.

We are satisfied that the undisputed facts in this case show that the first two factors are absent. When Ambrose purchased its building in 1982, title to the lot across the street had already passed to another owner. Ambrose had disclaimed any right to park on that lot in order to facilitate the sale. Therefore, Ambrose's vendor was no longer the owner of the parking lot, and the need for the parking spaces on that particular lot were not so obvious as to show that the right to park there would be permanent.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings that may be necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM B. CAIN, JUDGE


_____
PATRICIA J. COTTRELL, JUDGE