IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 21, 2001 Session

## GLORIA B. LANE v. W. J. CURRY & SONS

**An Appeal from the Circuit Court for Shelby County**
**No. 301117 T.D.      Robert L. Childers, Judge**

─────────

**No. W2000-01580-COA-R3-CV - September 5, 2001**

─────────

This case involves a dispute about the responsibility for trees on adjacent properties. The plaintiff and defendant own adjacent properties. Located on the defendant's property are three large oak trees whose branches overhang the plaintiff's roof. The roots from the trees grow onto the plaintiff's property and have infiltrated the plaintiff's sewer lines on several occasions. After a limb from one of the trees fell through the plaintiff's roof, the plaintiff complained to the defendant. The defendant twice sent someone to cut back the trees' branches. The plaintiff continued to complain about the trees, and the defendant refused to provide any additional assistance. This lawsuit ensued. The trial court found that the plaintiff's only remedy was self-help. The plaintiff now appeals. We affirm.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

Elder Shearon, III, Memphis, Tennessee, for the appellant Gloria B. Lane.

Robert A. Cox, Memphis, Tennessee, for the appellee W. J. Curry & Sons.

**OPINION**

This case involves a dispute over the responsibility for trees on adjacent properties. Plaintiff/appellant Gloria Lane ("Lane") and her siblings own property located next door to property owned by defendant/appellee W. J. Curry & Sons ("Curry & Sons"). Located on the Curry & Sons property, adjacent to Lane's property, are three large oak trees. The trees are owned by Curry & Sons. Due to the size and proximity of the trees to the Lane property, limbs from the trees overhang the roof of Lane's home. The roots of the trees grow into the ground of Lane's property and on several occasions have infiltrated the sewer line, clogging the sewer and causing damage to her plumbing.

In 1997, a limb from one of the trees fell through the roof of Lane's house, creating a hole in the ceiling. Water leaked into the interior of Lane's home. Lane then contacted Judith Harris ("Harris"), the owner of Curry & Sons, to complain about the trees and to inform Harris of the damage caused by the fallen limb. In response to Lane's complaint, Harris sent a tree company to cut back the limbs which hung over onto Lane's property. Dissatisfied with the tree company's work, Lane again called Harris to complain about the trees. Harris sent the tree company back to further cut back branches. After receiving a third call from Lane about the trees, Harris told Lane that Lane could trim the trees' limbs or roots, but that she, Harris, no longer felt any responsibility to remedy the situation.

Lane subsequently filed suit against Curry & Sons in General Sessions Court, alleging that the trees caused property damage to her home. After the General Sessions Court found in favor of Curry & Sons, Lane appealed the matter to the Circuit Court.

The Circuit Court trial was held in May 2000. At the Circuit Court bench trial, Lane testified that she had been experiencing problems with the trees' limbs and roots off and on for at least 27 years. She testified that she had repeatedly made complaints to the City of Memphis ("the City") regarding her problems with the trees and the damages her home has incurred from the trees' limbs and roots. She asserted that the City had to replace the roof on her house in late 1989 because the overhanging limbs had caused the roof to rot. Lane acknowledged that the new roof temporarily solved the problem, but said that the problems later recurred. Lane testified that the City had made several visits to her home to try to get the roots out of the sewer line. However, each time the City repaired the line, the roots would grow back and again infiltrate the sewer line. Lane testified that the City had to replace the floor in her bathroom, due to water damage caused by the root-clogged lines. She asserted that she could use her bathroom for a period of time after the City made repairs to the sewer lines and her bathroom floor, but that the problems with the plumbing and floor soon recurred. Lane said that she had been unable to use the bathroom in her home for two years because of the problems caused by the roots clogging the sewer line.

Lane testified that she and her family had attempted to remedy some of the problems with the trees themselves on several occasions by digging to the sewer line and cutting away roots. However, the roots grew back each time. Lane's son testified that on several occasions he had scraped branches off of the roof. Lane said that the house is occupied by her and her brother. She maintained that neither she nor her brother are physically able to cut back the overhanging tree limbs, nor are they financially able to engage in more extensive self-help.

Harris testified that, prior to 1997, she had not received any complaints from Lane about the trees. She testified that she, her husband, and an employee of Curry & Sons also inspected the premises, prior to sending the tree company. Harris asserted that the trees at issue were healthy, living trees that were not noxious.

The trial court found that the case of **Grandberry v. Jones**, 216 S.W.2d 721 (Tenn. 1949), was controlling and that the plaintiff's sole remedy was self-help. The trial court determined that

the trees at issue were live, growing trees that were not noxious and as such could not constitute a nuisance. The trial court also found that Lane was financially or otherwise unable to engage in more extensive self-help; yet, she failed to show that the other owners of the house were also financially or otherwise unable to engage in self-help and remove the branches and roots. Lane now appeals.

On appeal, Lane argues that the trial court erred in finding that self-help was her sole remedy in this case. She contends that the trees' limbs and roots fit under the existing Tennessee law definitions of nuisance because of the damage that the limbs and roots have done to her property. Therefore, she asserts that she is entitled to damages and abatement.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. ***See*** Tenn. R. App. P. 13(d).

In ***Grandberry***, the plaintiff and defendant owned residences on adjacent lots. ***Grandberry***, 216 S.W.2d at 721. Over a period of years, the branches and foliage of a hedge located on the defendant's property, close to the boundary line, grew onto the plaintiff's property, resting against the plaintiff's residence. ***Id.*** at 721-22. The plaintiff sued, alleging that the hedge was a nuisance because the overhanging branches and foliage blocked the view from the windows on that side of the residence and caused her outer wall to rot and decay. ***Id.*** at 722. The Court noted that the hedge at issue was healthy, living, innoxious and growing naturally; its growth "accompanied by the extension of boughs and the penetration of roots over and into adjoining property of others." ***Id.*** at 723. The Court held that the plaintiff's only remedy was self-help, cutting any branches and foliage which grew across onto her property:

> [I]t has been held that no landowner has a cause of action from the mere fact that the branches of an innoxious tree, belonging to an adjoining land owner, overhang his premises, his right to cut off the overhanging branches being considered a sufficient remedy.

***Id.*** at 723.

In this case, the three oaks at issue are viable, healthy, and innoxious trees whose natural growth is accompanied by the extension of their branches and roots over and into Lane's property. Under ***Grandberry***, Lane's remedy is self-help and her nuisance action cannot be sustained . The trial court found that although Lane had engaged in some self-help in the past, she was financially and physically unable to engage in more extensive self-help. The trial court also found, however, that Lane failed to established that the other owners of the property were similarly unable to engage in self-help to remove the branches and roots. Based on our review of the evidence, we cannot conclude that the evidence preponderates against the trial court's decision. All remaining issues are pretermitted.

The decision of the trial court is affirmed.  Costs are taxed the appellant, Gloria B. Lane and her surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE